UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CRAIG ROBINSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 12 cv 2089 EJM |
| CARDINAL CONSTRUCTION, INC., | ) ORDER |
| Defendant. | ) |

This matter is before the court on the plaintiff's resisted appeal from the Chief Magistrate Judge's (CMJ) Order (Order), filed April 23, 2014, and defendant's resisted motion for summary judgment, filed March 31, 2014. Both denied.

This case is by a former employee against his employer under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., and the Iowa Civil Rights Act (ICRA), Iowa Code Chapter 216. This court has jurisdiction under 28 U.S.C. §1331.

Regarding plaintiff's appeal of the April 9, 2014 Order denying Motion for Leave to Amend, the legal standard for reviewing the nondispositive Order is whether it is "clearly erroneous or contrary to law," under Fed.R.Civ.Pro. 72(a). The parties had agreed upon and the CMJ had set a deadline of May 30, 2013, to amend the pleadings, and a deadline of February 28, 2014, to complete discovery. On February 27, 2014, plaintiff took the deposition of Jon Mixdorf, Executive Vice

President of Cardinal. Plaintiff asserts that during this deposition, he learned for the first time of evidence meeting the intent requirement of a "discrimination" claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§2601-2654, and now seeks to amend his pleading to assert such a claim. The CMJ found that under these facts, plaintiff would have at most an "interference" claim under the FMLA, which has no such intent requirement, not a "discrimination" claim. Further, the CMJ found that "all of the facts necessary for Robinson to pursue his proposed FMLA claim were known to him in June 2010," and "even if Mixdorf's deposition testimony provided Robinson with unknown facts necessary for an FMLA claim, the Court concludes that he was not diligent in attempting to discover those facts earlier," citing plaintiff's June 23, 2010 complaint filed with the Waterloo Human Rights Commission, which complaint mentions a violation of the FMLA. See p. 11 of Order. This court agrees with the CMJ that for the totality of these reasons, "good cause" under Federal Rule of Civil Procedure 16(b) for amending a pleading after the allowed time in a scheduling order has elapsed, has not been shown. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). The Order is neither clearly erroneous, contrary to law nor prejudicial.

Regarding defendant's motion for summary judgment, the familiar standard of law for a summary judgment motion is that movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." PSK, LLC v. Hicklin, 757 F.Supp.2d 836 (N.D.Iowa 2010), citing Woods v. Daimler Chrysler Corp., 409 F.3d 984, 990 (8th Cir.

2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The claims under the ADA and the ICRA are analyzed under the same standards of law, Tjernagel v. Gates Corp., 533 F.3d 666, 671 (8th Cir. 2008), accord Schlitzer v. University of Iowa Hospitals & Clinics, 641 N.W.2d 525, 529 (Iowa 2002).

Under both acts, including the ADA as amended, an individual has a disability if he or she "(A) is disabled within the meaning of the ADA, (B) he or she was qualified to perform the functions of his or her position with or without a reasonable accommodation, and (C) he or she suffered an adverse employment action because of the disability." Husinga v. Federal-Mogul Ignition Co., 519 F.Supp.2d 929, 942 (S.D.Iowa 2007) (citing Dropinski v. Douglas County, Nebraska, 298 F.3d 704, 706 (8th Cir. 2002). "If the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived...impairment" a violation has been established. 42 U.S.C. §12102(3)(A).

Defendant asserts that plaintiff's impairments are transitory and minor, under 42 U.S.C. §12102(3)(B). Plaintiff's doctor, Dr. James Crouse, issued work releases and treatment notes that may indicate that the right clavicle fracture and right iliac crest pelvic fracture impairments were not transitory or minor. Further, defendant granted plaintiff

3

medical leave on this basis. The record shows that a material question of fact exists on whether plaintiff's impairments were transitory and minor or not.

Defendant next asserts that plaintiff was not perceived as disabled. The deposition testimony of Mr. Mixdorf and Cardinal's Response to Mr. Robinson's Waterloo Human Rights Commission Complaint is evidence that Cardinal perceived that Mr. Robinson was restricted in performing many jobs, including construction jobs. The record shows that a material question of fact exists on defendant's perception of plaintiff as disabled.

It is therefore

ORDERED

Appeal and Motion denied.

May 19, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT